# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>AUSTIN DANGER ELLISON-MEADE,<br><br>            Defendant. | Case No. 2:23-cv-00521-CAS-MARx<br><br>**FINAL JUDGMENT AS TO DEFENDANT AUSTIN DANGER ELLISON-MEADE** |

This matter came before the Court on plaintiff Securities and Exchange Commission's ("SEC") Motion for Monetary Remedies and Entry of Final Judgment ("Motion") against Defendant Austin Danger Ellison-Meade ("Ellison-Meade"). The Court having considered the Complaint, the Motion, the supporting Memorandum of Points and Authorities, and the supporting declarations and exhibits, and pursuant to the Court's Order Granting Motion for Default Judgment as to Defendant Austin Danger Ellison-Meade (Dkt. No. 19), enters judgment as follows:

///

///

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;
(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser, Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)]

by using the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act and Rule 206(4)-8(a) promulgated thereunder [15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)], by using the mails or any means or instrumentality of interstate commerce:

    (a)    to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    (b)    to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative, with respect to any investor or prospective investor in a pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,917,751.02, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $820,668.13, for a total of $3,738,419.15. Defendant's $3,738,419.15 payment obligation shall be deemed satisfied by the order of restitution entered against him in the parallel federal criminal action titled *United States v. Austin Danger Ellison-Meade*, No. 8-22-cr-00094-JWH (C.D. Cal.).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: September 3, 2025

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE